**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No.  0:18-cv-60806**

HEARTWOOD 2, LLC,

       Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

       Defendant.

_____/

**DEFENDANT NATIONSTAR MORTGAGE LLC'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT, *NUNC PRO TUNC***

Defendant Nationstar Mortgage LLC ("Nationstar"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 6(b) and Southern District of Florida Local Rule 7.1(a)(3), hereby files this Unopposed Motion for Extension of Time to Respond to the Complaint, *nunc pro tunc*, and in support thereof states as follows:

**STATEMENT OF FACTS**

1. On April 12, 2018, Plaintiff filed its Complaint in this Court. (D.E. 1).  Nationstar was served with the Summons and Complaint on April 17, 2018 and Nationstar's Answer was due on May 8, 2018. (D.E. 8).

2. On May 9, 2018, the undersigned filed its Notice of Appearance on behalf of Natoinstar. (D.E. 5-7).

3. On May 10, 2018, the undersigned, Jason R. Bowyer, discussed the recent appearance and general facts of the case with Plaintiff's counsel, Alexis Fields.  During the conversation, counsel for Plaintiff agreed to an extension of time for Nationstar to respond to the Complaint.  Plaintiff's counsel's agreement to an extension was further confirmed via email on

May 10, 2018, wherein Plaintiff's counsel indicated she had no opposition to an extension of time for Nationstar to respond to the Complaint up and through May 28, 2018.

4. Due to inadvertence, the undersigned failed to file an Unopposed Motion for Extension of Time and obtain an Order from this Court before the response deadline of May 8, 2018. Accordingly, Nationstar seeks an extension of time, up to and including May 28, 2018, to file a response to the Complaint, and seeks that this extension be granted *nunc pro tunc*.

5. Based on discussions and correspondence of counsel, neither party is prejudiced with an extension. Furthermore, based on the discussion with Plaintiff's counsel, it appears an extension may have been agreed upon prior to May 8, 2018, but a Motion for Extension of Time was not filed with the Court. Since Plaintiff's counsel has agreed to a twenty (20) day extension and Nationstar has submitted it Motion for Extension of Time within 2 days of the deadline of May 8, 2018, the length of delay is not unreasonable and will not cause any potential impact on the judicial proceedings.

6. This unopposed motion for extension of time is not made for the purposes of delaying the ultimate resolution of this case. Further, pursuant to S.D. L.R. 7.1, the undersigned counsel for Nationstar has conferred with Plaintiff's counsel regarding this motion, and Plaintiff's counsel does not oppose Nationstar's request for a 20-day extension of time *nunc pro tunc*.

**MEMORANDUM OF LAW**

Rule 6(b) of the Federal Rules of Civil Procedure provides that this Court may order extensions of time at any time in its discretion for cause shown. Where the request is made after the expiration of the specified period of time, an extension may be granted where there has been "excusable neglect." *Id.* Excusable neglect is determined by considering such factors as" "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay … and whether the movant acted in good faith." *Hair v.*

*Lawnwoods Med. Ctr., Inc.*, No. 08-14128-CIV, 2008 U.S. Dist. LEXIS 110640, at *7 (S.D. Fla. Sept. 2, 2008), *quoting Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd Ptnrshp.*, 507 U.S. 380, 395 (1993).

Where, as here, a defendant has explained that it missed the deadline to file a response to a complaint due to an inadvertent failure to file a motion for extension of time electronically, plaintiff has agreed to the extension (and previously agreed to a longer extension), there accordingly is no prejudice to the plaintiff resulting from a short delay in filing the Answer. *See Van De Berg v. SSA*, 254 F.R.D. 144, 145 (D. D.C. 2008). (where defendant failed to timely answer a complaint or seek an extension due to an inadvertent failure to file the motion for extension of time, the default was not willful, and motion to vacate granted).

Nationstar respectfully submits that excusable neglect and good faith are present here as Nationstar's delay was caused by an inadvertence of counsel in failing to file an unopposed motion for extension of time and obtain a ruling on same prior to the Answer deadline. *See cases cited supra*. Nationstar further states that Plaintiff is not prejudiced by the delay as Plaintiff's counsel has graciously agreed to an extension, and has subsequently confirmed no opposition to this Motion for 20-day extension *nunc pro tunc*. Further, the length of the delay is very brief, and will not delay these proceedings. Additionally, Nationstar would be prejudiced if the extension is denied or default entered, as resolution on the merits is favorable in federal courts. *See* D.E. 4; *see also Rumph v. Astrue*, No. 09-14290-CIV, 2010 WL 114965, at *1 (S.D. Fla. Jan. 12, 2010) ("judicial policy favors a decision on the merits of the case over one by default due to procedural missteps.")

WHEREFORE, Defendant Nationstar respectfully requests that the Court enter an Order granting an extension, *nunc pro tunc*, to respond to the Complaint up through and including May 28, 2018 as a result of the inadvertent delay in responding to the Complaint.

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Nationstar certifies that he has conferred with Plaintiff in a good faith effort to resolve the issues raised in this Motion, and that Plaintiff as indicated that they do not oppose the relief requested.

DATED this 10th day of May, 2018.

                McGUIREWOODS LLP

                By  */s/ Jason R. Bowyer*
                    Sara F. Holladay-Tobias
                    Florida Bar No. 0026225
                    Emily Y. Rottmann
                    Florida Bar No. 0093154
                    Jason R. Bowyer
                    Florida Bar No. 0693731
                    50 N. Laura Street, Suite 3300
                    Jacksonville, Florida 32202
                    (904) 798-3200
                    (904) 798-3207 (fax)
                    stobias@mcguirewoods.com
                    erottmann@mcguirewoods.com
                    jbowyer@mcguirewoods.com
                    flservice@mcguirewoods.com

*Attorneys and Trial Counsel for Defendant Nationstar Mortgage LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on May 10, 2018. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

BRIAN R. KOPELOWITZ
kopelowitz@kolawyers.com
JONATHAN M. STREISFELD
streisfeld@kolawyers.com
ALEXIS FIELDS
fields@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
*Attorneys for Plaintiff*

                                                            */s/ Jason R. Bowyer*
                                                                 Attorney